## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**STEWART LEE BRASWELL,**

      **Plaintiff,**

**vs.**                                                      **Case No. 4:08cv196-RH/WCS**

**FLORIDA STATE HOSPITAL, et al.,**

      **Defendants.**

_____/

## O R D E R

This case is before me upon an order of remand, doc. 24, and the *pro se* Plaintiff's belated submission of a third amended complaint, doc. 23.  Plaintiff has been directed on numerous occasions in the past to correct the various deficiencies pointed out to him.  Docs. 8, 10, 12, and 14.  Having reviewed his latest submission, doc. 23, it still fails to comply with prior court orders.

This order is entered to provide Plaintiff with **one final opportunity** to submit a viable complaint.  Plaintiff must comply with this order, and do so by the deadline provided, or this case will be dismissed.  As Plaintiff has already had numerous opportunities to comply with these instructions, Plaintiff is advised that no further

extensions of time will be granted, and no further opportunities given to provide a complaint that complies with court orders.

On page one of the complaint, Plaintiff lists only the Florida State Hospital as the only Defendant.  Doc. 23.  However, on pages 2-3, section II of the complaint, Plaintiff then names eight individuals as Defendants, never again naming the Hospital as a Defendant.  That is not correct.  The listing of Defendants must be the same on page 1 as it is on page 2, and in all other places on the complaint form.

Plaintiff fails to provide factual allegations which explain how each named Defendant is involved.  For each Defendant listed, Plaintiff must provide facts showing how that person harmed him, was involved in the events about which he complains, and what actions or omissions were made by that person.

By and large, it is not appropriate to name another resident at the Hospital as a Defendant because such a person is not a state action who may be sued under 42 U.S.C. § 1983.  Appropriate Defendants are state officials, but not private citizens, absent limited exceptions not applicable here.

If Plaintiff contends that another resident beat him up, and Plaintiff believes that Hospital officials did not protect him or did not properly care for him, Plaintiff must explain the facts supporting such a claim.

It is true that the Constitution imposes upon state "officials the duty to 'provide humane conditions of confinement.' "  Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct. 1970, 1976, 128 L. Ed. 2d 811 (1994); see also Hudson v. Palmer, 468 U.S. 517, 526-527, 104 S. Ct. 3194, 3200, 82 L. Ed. 2d 393 (1984).  In guaranteeing their safety, officials must "protect prisoners from violence at the hands of other prisoners."  Farmer,

511 U.S. at 833, 114 S. Ct. at 1976-1977, *citing* Cortes-Quinones v. Jimenez-Nettleship,

842 F.2d 556, 558 (1st Cir.), *cert. denied* 488 U.S. 823 (1988).  However, not "every

injury suffered by one prisoner at the hands of another . . . translates into constitutional

liability for [state] officials responsible for the victim's safety."  Farmer, 511 U.S. at 834,

114 S. Ct. at 1977.

Thus, to provide a viable complaint on a failure-to-protect claim, Plaintiff must

make two showings.  First, he must demonstrate that he is "incarcerated under

conditions posing a substantial risk[1] of serious harm."  Farmer, 511 U.S. at 834, 114 S.

Ct. at 1977, *citing* Helling v. McKinney, 509 U.S. 25, 35, 113 S. Ct. 2475, 2481, 125 L.

Ed. 2d 22 (1993).  Second, he must show that the defendant prison official had a

"culpable state of mind" (be deliberately indifferent) in that he knew of and disregarded

"an excessive risk to inmate health or safety."  511 U.S. at 834, 837, 114 S. Ct. at 1977,

1979.  Put another way, Plaintiff must show that a named Defendant was aware of facts

showing that Plaintiff was at a substantial risk of harm, and that despite knowing of the

risk, Defendant did not take steps to protect Plaintiff.

If, alternatively, Plaintiff is contesting the medical care provided to him, he must

clearly present his claims.  Plaintiff must explain his injuries, state what was done for

him, and what more Plaintiff believes *should* have been done.  Plaintiff must explain

how he has been harmed by the care, or lack of care, received by the Defendants.

Plaintiff must also identify the persons who provided the treatment to him, or lack of

treatment.

---

[1] The Court did not address the question of "[a]t what point a risk of inmate
assault becomes sufficiently substantial for Eighth Amendment purposes."  511 U.S. at
834, n.3, 114 S. Ct. at 1977, n.3.

Plaintiff is advised to review this order, and the prior orders issued to him before drafting his fourth amended complaint.  He will be provided another civil rights complaint form and all of his claims must be listed on that document.  Plaintiff should not refer to prior complaints, but must completely set forth all allegations in the fourth amended complaint.  Plaintiff is also reminded that he is required to provide all of his factual allegations in short, numbered paragraphs.  FED. R. CIV. P. 10.  As this is Plaintiff's final opportunity to submit a complaint in this case, he shall take care in doing so to comply with this Order.  Plaintiff's fourth amended complaint is due in this Court no later than **October 3, 2008.**  No further extensions of time or opportunities will be given.

Accordingly, it is

**ORDERED:**

1.  The Clerk of Court is directed to forward to Plaintiff a § 1983 complaint form so that Plaintiff can file the fourth amended complaint as explained above.

2.  Plaintiff shall have until **October 3, 2008**, to file the fourth amended civil rights complaint, which shall be typed or clearly written and submitted on court forms.

3.  Plaintiff shall immediately file a notice to the Clerk's Office in the event that his address changes or he is transferred or released from the Hospital.

4.  **Failure to submit the fourth amended complaint as instructed will result in a recommendation of dismissal of this action.**

5.  The Clerk of Court shall return this file to the undersigned upon receipt of the fourth amended complaint, or no later than October 3, 2008.

**DONE AND ORDERED** on  August 28, 2008.

s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**