IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**STEWART LEE BRASWELL,**

    **Plaintiff,**

**vs.**　　　　　　　　　　　　　　　　　　**Case No. 4:08cv196-RH/WCS**

**FLORIDA STATE HOSPITAL, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff has had numerous opportunities to submit a viable complaint in this civil rights action. Before me is Plaintiff's fourth amended complaint, doc. 26, and the prior order made clear to Plaintiff that this would be his final chance to submit a complaint. The process cannot be open-ended and sufficient time has been provided to Plaintiff to provide a complaint that could be served on the Defendants. Numerous orders have been issued to Plaintiff explaining the various deficiencies of his prior complaints. Docs. 8, 10, 12, 14, and 25. This final submission, doc. 26, still fails to comply with prior court orders and fails to state a claim upon which relief might be granted.

Plaintiff has been directed on numerous occasions to consistently list his Defendants. He has not complied. Once again, Plaintiff lists only the Florida State Hospital on page one of the complaint, suggesting this is the only Defendant. Doc. 26. However, on page 2, section II of the complaint, Plaintiff then names two other persons as Defendants, along with the Hospital. That is not correct, but in light of the other more serious deficiencies, this error is minor.

Plaintiff fails to provide any factual allegations which state how either Defendant Paramore or Lee were involved in the events described. Plaintiff fails to provide any facts showing that either of these employees of the Hospital violated his constitutional rights. Because Plaintiff fails to provide facts showing how the Defendants harmed him, the fourth amended complaint fails to state a claim.

Plaintiff does contend that another resident at the Hospital beat him up, but without additional facts, that is not sufficient. Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct. 1970, 1976, 128 L. Ed. 2d 811 (1994); *see also* Hudson v. Palmer, 468 U.S. 517, 526- 527, 104 S. Ct. 3194, 3200, 82 L. Ed. 2d 393 (1984). In guaranteeing their safety, officials must "protect prisoners from violence at the hands of other prisoners." Farmer, 511 U.S. at 833, 114 S. Ct. at 1976-1977, *citing* Cortes-Quinones v. Jimenez-Nettleship, 842 F.2d 556, 558 (1st Cir.), *cert. denied* 488 U.S. 823 (1988). However, not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for [state] officials responsible for the victim's safety." Farmer, 511 U.S. at 834, 114 S. Ct. at 1977. Moreover, another resident is not a state actor and is not liable under 42 U.S.C. § 1983.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's fourth amended complaint, doc. 26, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on September 22, 2008.


   s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**